UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ERIN CARTER                                                   CIVIL ACTION

VERSUS                                                        NO. 19-9651

ST. TAMMANY PARISH SCHOOL                                     SECTION M (1)
BOARD, *et al.*

## ORDER & REASONS

Before the Court are plaintiff Erin Carter's original and supplemental and amending motions under Rule 59 of the Federal Rules of Civil Procedure for new trial or to alter or amend this Court's judgment dismissing the case with prejudice.[1] Defendants St. Tammany Parish School Board (the "School Board") and Amy T. Burns (together, "Defendants") respond in opposition.[2] Carter replies in further support of her motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court denies Carter's motion.

Carter brought this case against her former employer alleging wrongful termination in violation of the Family and Medical Leave Act ("FMLA") and the Americans with Disabilities Act ("ADA"). Carter, formerly a teacher at Pitcher Junior High, allegedly suffers from chronic migraines that impede her ability to work. On April 24, 2017, Carter became ill at school and sought medical care.[4] Her treating physician filled out a medical form for extended sick leave which Carter submitted to the School Board.[5] While the School Board denied Carter's request for extended paid leave, she did qualify for a medical leave without pay.[6] Although Carter was twice

---

[1] R. Docs. 45; 46.
[2] R. Doc. 53.
[3] R. Doc. 54.
[4] R. Doc. 1 at 2, 5.
[5] R. Docs. 1 at 6; 37-3 at 5-6.
[6] R. Doc. 1 at 6.

provided with the form to request medical leave without pay, she never filled it out.[7] Therefore, the School Board considered her to have taken an unauthorized leave of absence starting on April 25, 2017.[8] After two just-cause hearings citing Carter's unauthorized leave status and fundraising and gradebook compliance issues, Carter was terminated on July 5, 2017.[9]

Defendants moved for summary judgment,[10] which Carter opposed.[11] In granting Defendants' motion this Court held that Carter did not have a viable FMLA claim because she did not have a "serious health condition" as defined by the statute, and she failed to complete the required paperwork after Defendants provided it to her (twice).[12] Similarly, this Court dismissed Carter's ADA claim, finding that she could not prove she had a "disability" as defined by the act.[13] On March 29, 2021, the Court entered a final judgment dismissing Carter's claims with prejudice.[14]

On April 12, 2021, Carter filed her original motion for new trial.[15] Two weeks later, she filed a supplemental and amending motion for new trial.[16] In her motions, Carter argues that she should be given another opportunity to properly support and address the facts and issues.[17] She asserts that a full trial before a jury is preferable to the disposition of a case on summary judgment.[18] Finally, Carter argues that the COVID-19 pandemic has hindered her ability to find effective counsel.[19] In opposition, Defendants argue that Carter has not produced any newly-

---

[7] R. Docs. 1 at 6; 8 at 6; 37-3 at 7; 41-1 at 1.
[8] R. Doc. 37-2 at 2.
[9] R. Doc. 43 at 5-7.
[10] R. Doc. 37.
[11] R. Doc. 41.
[12] R. Doc. 43 at 9-12.
[13] *Id.* at 12-14.
[14] R. Doc. 44.
[15] R. Doc. 45.
[16] R. Doc. 46.
[17] R. Doc. 46-15 at 4.
[18] *Id.* at 50-51.
[19] *Id.* at 51.

discovered evidence that would justify a new trial.[20] They further assert that, even if the Court considers Carter's affidavit, it "consists purely of self-serving statements and legal conclusions."[21]

At the outset, the Court will treat Carter's motions for new trial as Rule 59(e) motions because "any motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label." *Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 669 (5th Cir. 1986) (quotation and alteration omitted). "Rule 59(e) 'serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)) (alteration omitted). Under Rule 59(e), amending a judgment is also appropriate where there has been an intervening change in the controlling law. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012). "Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

"The district court has considerable discretion in deciding whether to reopen a case under Rule 59(e)." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). The court must balance "two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Id.* "Relief under Rule 59(e) is an extraordinary remedy that should be used sparingly." *Indep. Coca-Cola Emps.' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc.*, 114 F. App'x 137, 143 (5th Cir. 2004).

---

[20] R. Doc. 53 at 2-3.
[21] *Id.* at 3.

3

After considering Carter's arguments under this standard, the Court is not persuaded that relief is warranted. Carter admits that "in her Opposition to Summary Judgment [she] stated the various and multiple issues of material of [*sic*] fact, to include numerous disputed facts, *without properly supporting the opposition*."[22] Carter has missed her opportunity to oppose the motion for summary judgment. The motion to alter or amend a judgment "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *In re Life Partners Holdings, Inc.*, 926 F.3d 103, 128 (5th Cir. 2019) (quoting *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). The 887 pages of evidence filed into the record and manual attachment of evidence were in Carter's possession before March 29, 2021, when the Court issued its Order & Reasons granting summary judgment and entered final judgment dismissing the case with prejudice. From at least January of 2021, Carter had medical records from the NeuroMedical Center Clinic that might have supported her opposition.[23] Carter was in receipt of the 516 pages of documents produced to her through her Freedom of Information Act request to the Department of Labor on February 3, 2021.[24] Similarly, she received documents from the Equal Employment Opportunity Commission on February 1, 2021.[25] All human resources and payroll records relating to her employment with the School Board were produced in November of 2019.[26] None of this is newly-discovered evidence.

Carter apparently received 2,251 pages of medical records from Ochsner on April 8, 2021, after judgment was entered.[27] However, there is no indication that this evidence could not have been discovered earlier by proper diligence. *Torres v. Livingston*, 972 F.3d 660, 663 (5th Cir.

---

[22] R. Doc. 46-15 at 4 (emphasis added).
[23] R. Doc. 46-3.
[24] Manual attachment.
[25] Manual attachment.
[26] Manual attachment.
[27] Manual attachment.

2020).  It appears Carter first requested these documents on March 25, 2021.[28]  Therefore, Carter did not exercise diligence in waiting until March of 2021 to request medical records for a case that had been pending since April of 2019.  Therefore, there is no alleged discovery of new evidence that would justify amending the judgment.

In the motions at bar, Carter largely rehashes the arguments she made in opposition to Defendants' motion for summary judgment.  The arguments are meandering, disjointed, and difficult to follow, and frequently address matters having no bearing on the case.  But the Court has read every word.  Nowhere in her 78 pages of briefing does she indicate how the Court's Order & Reasons granting summary judgment constituted a manifest error of law or fact.  "[A] 'manifest error' is an obvious error that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'"  *Wease v. Ocwen Loan Servicing, L.L.C.*, 2021 WL 1604694, at *2 (5th Cir. Apr. 23, 2021) (quoting *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004)).  Carter has not begun to meet this standard.  She fails to identify any properly submitted evidence the Court failed to consider in rendering its Order & Reasons.  Nor does she point to any controlling law the Court disregarded.  Thus, there is no justification for amending the judgment on this basis either.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Carter's motion for new trial and first supplemental and amending motion for new trial (R. Docs. 45 & 46) are DENIED.

New Orleans, Louisiana, this 25th day of May, 2020.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

---

[28] Manual attachment.

5